UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**BRENT HONORE, ET AL.**                    CIVIL ACTION NO.

**VERSUS**                                  23-753-BAJ-EWD

**GULF COAST BANK AND TRUST CO.**

## ORDER

On or about August 18, 2023, Brent Honore and Rhonda Honore (the "Honores"), Burbank Landing Properties, LLC ("Burbank Landing"), and BRH Consultants, Inc. ("BRH Consultant") (collectively, "Plaintiffs") filed a Complaint against Gulf Coast Bank and Trust Company ("Defendant").[1] Plaintiffs allege that in December 2006, Burbank executed a promissory note in favor of, and was indebted to, Defendant related to the construction of a condominium complex at 7272 Burbank Dr. in Baton Rouge, Louisiana (the "Property") (the "Note").[2] The Note was guaranteed by the Honores, and it was secured by a mortgage(s) on the Property and Plaintiffs' home located at 10820 Highland Road, Baton Rouge, Louisiana.[3] Over the intervening years, and following damage to the Property from (1) the "Great Flood of August 12, 2016," (2) a "June 7, 2019[] storm [that] passed over Baton Rouge," and (3) Hurricane Ida, Plaintiffs claim that Defendants "unnecessarily foreclosed" on the Property and "forced" them into bankruptcy; "fraudulently withheld" and/or refused to allow Plaintiffs to use insurance proceeds and/or amounts held in escrow to renovate the Property; "did not properly apply payments" to the amount due under the Note; and "sent out fraudulent Debt Payout computations with incorrect figures,

---

[1] R. Doc. 1. Initially, the Honores, who are representing themselves, filed this suit on their behalf *and* on behalf of Burbank Landing, a Louisiana limited liability company ("LLC") for which Brent Honore is the "manager and sole member," and BRH Consultants, a Louisiana corporation for which the Honores are "shareholders." However, in response to letters from the Clerk of Court's office regarding the fact that a non-attorney individual may not represent a corporation, partnership, or an LLC *pro se*, an attorney has now enrolled as counsel for record for Burbank Landing and BRH Consultants. *See* R. Docs. 3, 4, 5, 7.
[2] R. Doc. 1, ¶¶ 6-8.
[3] *Id*.

1

missing payments, and miscalculated and incorrect totals and amounts owed on the [Note]," among other things.[4] Based on these allegations, Plaintiffs assert the following claims against Defendant: (1) breach of good faith and fair dealing, (2) tortious interference with refinancing, and (3) fraud.[5]

Unlike state district courts, which are courts of general jurisdiction and may therefore hear all types of claims, federal courts may only entertain those cases over which there is federal subject matter jurisdiction. Federal subject matter jurisdiction may be established in two ways. This Court has subject matter jurisdiction over "civil actions arising under the Constitution, laws, or treatises of the United States."[6] This Court also has subject matter jurisdiction over civil actions where the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and the parties are completely diverse (*i.e.*, all plaintiffs are citizens of a different state than all defendants).[7] The burden of establishing federal subject matter jurisdiction is on the party asserting it (here, Plaintiffs).[8] A court may raise on its own at any time the issue of whether subject matter jurisdiction exists.[9] Despite Plaintiffs' statement that this Court has "original jurisdiction pursuant to 28 U.S.C. § 1331 because the dispute involves federal laws of Title 12 of the Code of Federal Regulations, *et seq*.," the Court cannot determine whether federal subject matter jurisdiction exists under 28 U.S.C. § 1331 (federal question) or 28 U.S.C. § 1332 (diversity).[10]

First, "under the well-pleaded complaint rule, a federal court has original and removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded

---

[4] R. Doc. 1, ¶¶ 9-20.
[5] R. Doc. 1, ¶¶ 21-43.
[6] 28 U.S.C. § 1331.
[7] 28 U.S.C. § 1332.
[8] *Willoughby v. United States ex rel. Dep't of the Army*, 730 F.3d 476, 479 (5th Cir. 2013).
[9] *McDonal v. Abbott Laboratories*, 408 F.3d 177, 182, n. 5 (5th Cir. 2005).
[10] R. Doc. 1, ¶ 5. *See also* R. Doc. 1-2 (Civil Cover Sheet indicating that the basis of jurisdiction is federal question where the U.S. Government is not a party). However, Plaintiffs curiously allege the citizenship of all parties "for purposes of invoking this Court's jurisdiction under 28 U.S.C. § 1332." R. Doc. 1, ¶¶ 1-4.

2

complaint."[11] The "complaint itself must 'raise issues of federal law sufficient to support federal question jurisdiction.'"[12] Put differently, a "federal question exists if there appears on the face of the complaint some substantial, disputed question of federal law."[13] "For the court to have federal-question jurisdiction, a plaintiff is not required to cite a specific federal provision, such as 42 U.S.C. § 1983, in his complaint, but he must allege facts sufficient to establish a colorable issue of federal law."[14] But "oblique references to violations of unspecified federal laws" are not sufficient to established federal question jurisdiction under 28 U.S.C. § 1331."[15] Here, Plaintiffs have not established that this Court has federal jurisdiction over their claims because the Complaint contains no more than the conclusory statement that this matter "involves federal laws of Title 12 of the Code of Federal Regulations" and several vague references to alleged violations of federal laws.[16] While some provisions of Title 12 of the United States Code (Banks and Banking) provide federal district courts with original and/or removal jurisdiction under certain circumstances,[17]

---

[11] *Wells v. Johnson*, No. 14-755, 2015 WL 1097339, at *1 (M.D. La. Mar. 11, 2015)
[12] *Yan v. US Aviation Group, LLC*, 509 F.Supp.3d 642, 648 (E.D. Tex. Dec. 22, 2020), quoting *Rodriguez v. Pacificare of Tex., Inc.*, 980 F.2d 1014, 1017 (5th Cir. 1993).
[13] *Hills v Our Lay of the Lake Hospital, Inc.*, No. 21-280, 2021 WL 4143932, at *2 (M.D. La. July 15, 2021) (internal quotations and citations omitted).
[14] *Id.*, at *2 (citations omitted).
[15] *JRV Services, LLC v. Doster Construction Company, Inc.*, No. 19-100, 2019 WL 5580984, at *4 (M.D. La. Sept. 19, 2019), quoting *Avitts v. Amoco Production Co.*, 53 F.3d 690, 693 (5th Cir. 1995) (cleaned up).
[16] R. Doc. 1, ¶¶ 5, 21, 23, 24.
[17] *See, e.g.*, *National Credit Union Board as Liqu v. Heard Mcelroy & Vestal LLC*, No. 2021 WL 2944891, at *1, n. 1 (W.D. La. June 28, 2021) (noting that 12 U.S.C. § 1789(a)(2) (Federal Credit Unions) and Title 28 U.S.C. §§ 1331 and 1345 "grant federal district courts original jurisdiction, *i.e.* subject matter jurisdiction, over actions (1) to which NCUAB is a party, (2) that present a federal question, and (3) that are brought by a federal agency, respectively."); 12 U.S.C. § 632 (Foreign Banking) (providing that "all suits of a civil nature at common law or in equity to which any corporation organized under the laws of the United States shall be a party, arising out of transactions involving international or foreign banking, or banking in a dependency or insular possession of the United States, or out of other international or foreign financial operations, either directly or through the agency, ownership, or control of branches or local institutions in dependencies or insular possessions of the United States or in foreign countries, shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of all such suits…"); 12 U.S.C. § 3416 (Right to Financial Privacy) (An action to enforce any provision of this chapter may be brought in any appropriate United States district court without regard to the amount in controversy within three years from the date on which the violation occurs of the date of discovery of such violation, whichever is later."); 12 U.S.C. § 94 (National Banks) ("any action or proceeding against a national banking association for which the Federal Deposit Insurance Corporation has been appointed receiver, or against the Federal Deposit Insurance Corporation as receiver of such association, shall be brought in the district or territorial court of the United States held within the district in which that association's principal place of business is located…").

Plaintiffs do not indicate which provision, if any, of Title 12 provides a basis for the exercise of subject matter jurisdiction here. Nor are Plaintiffs' factual allegations sufficiently stated to allow the Court to make the determination as to whether their Complaint presents a "colorable issue of federal law" under Title 12.

If Plaintiffs instead seek to establish that this Court has diversity jurisdiction over their claims, they must adequately allege the citizenship of all parties and that their claims exceed the sum or value of $75,000, exclusive of interest and costs. While the Complaint discusses the monetary figures Plaintiffs claim that had to pay and/or were deprived of using by Defendant,[18] the Court cannot tell whether the amount in controversy requirement is met as to any individual Plaintiff's claims. Regardless, based on the current allegations in the Complaint, Plaintiffs *and* Defendant are all alleged to be citizens of Louisiana for diversity purposes,[19] such that complete diversity does not exists. Without complete diversity or sufficient information to determine that the amount in controversy requirement is met as to at least one Plaintiff's claims, this Court does not have subject matter jurisdiction under 28 U.S.C. § 1332.

Instead of having their lawsuit dismissed at this time, Plaintiffs will be given another opportunity to allege specific facts that establish that this Court has subject matter jurisdiction over

---

[18] *See, e.g.*, R. Doc. 1, ¶ 11 (Plaintiffs were "denied by [Defendant] an advance of $50,000 from the escrow account to perform the start of renovation" and again "denied [Plaintiffs] from using the escrow funds to pay the next two monthly invoices in the amount of $38,545.76…"); ¶ 19 (Plaintiffs "had to pay more than $80,000 to do more work [on the Property] to satisfy the city"); ¶ 20 (Plaintiffs "had to petition the bankruptcy court to allow [them] to spend approximately $50,000 to avoid the city demolishing the Property [and]…also paid an additional $30,000 after confirmation of the bankruptcy plan").

[19] R. Doc. 1, ¶¶ 1-4. In the Complaint, the Honores are alleged to be domiciled in, and citizens of, Louisiana. BRH Consultants is alleged to be incorporated in Louisiana with its principal place of business in Louisiana, and Burbank Landing is alleged to be an LLC whose sole member, Brent Honore, is a citizen of Louisiana. Similarly, Defendant is alleged to be a "Louisiana financial institution…with its principal place of business located in New Orleans, LA," which is a "citizen of the State of Louisiana for purposes of invoking this Court's jurisdiction under 28 U.S.C. § 1332." These allegations are sufficient for diversity purposes, and they show that the parties are not completely diverse.

their claims, if possible.[20]

Accordingly,

**IT IS ORDERED** that, by no later than **October 27, 2023**, Plaintiffs Brent Honore, Rhonda Honore, Burbank Landing LLC, and BRH Consulting Inc. must file a comprehensive amended complaint (*i.e.*, a complaint that includes all of Plaintiffs' numbered allegations, as revised, supplemented, and/or amended), stating specific facts to establish that this Court has federal subject matter jurisdictions under 28 U.S.C. § 1331 (federal question) or 28 U.S.C. § 1332 (diversity jurisdiction).[21] Plaintiffs are placed on notice that this lawsuit may be dismissed if they file another lawsuit that fails to state a basis for the Court's jurisdiction. The amended complaint must expressly address the issues discussed in this Order.

Plaintiffs are placed on notice that an amended complaint takes the place of the previous Complaint.[22] Their amended complaint will be the operative complaint for this lawsuit and must include all defendants, claims, and facts. Plaintiffs are instructed to place the cause number "3:23cv753" on the amended complaint and on all documents that they file in this lawsuit.

**ALTERNATIVELY,** if Plaintiffs wish to have their case dismissed in this Court to proceed in state court, which is a court of general jurisdiction, by no later than **October 27, 2023**, they may file a Notice of Dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(i) as no

---

[20] *See Eason v. Thaler*, 14 F.3d 8 (5th Cir. 1994). *See also, e.g., In re Am. Airlines, Inc., Privacy Litig.*, 370 F. Supp. 2d 552, 567-68 (N.D. Tex. 2005) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal.").

[21] The Honores are advised that *Representing Yourself in Federal District Court: A Handbook for Pro Se Litigants* is available on the Court's website under the "Filing Without An Attorney" tab and also at http://www.lamd.uscourts.gov/sites/default/files/Pro%20Se%20Handbook%20v2019-2.pdf.

[22] *Clark v. Tarrant County, Texas*, 798 F.2d 736, 740 (5th Cir. 1986).

defendants have answered.[23] The Notice of Dismissal just needs to say that Plaintiffs wish to voluntarily dismiss the suit.

**IT IS FURTHER ORDERED** that the Clerk of Court shall transmit this Notice and Order to Plaintiffs Brent Honore and Rhonda Honore via regular and certified mail, return receipt at the address listed on PACER.

**Plaintiffs are also placed on notice that the lawsuit may be dismissed without further notice if they fail to timely comply with this Order.**

Signed in Baton Rouge, Louisiana, on October 6, 2023.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[23] This should not be construed as an acknowledgement that Plaintiffs have any actionable and/or timely claims in this matter.